UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TIKI SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV624-017 |
| ) | |
| WARDEN STEVEN SCROGGINS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Tiki Sims filed this case alleging he is subjected to unconstitutional conditions of confinement at "Screven Co. Prison," presumably Screven County Correctional Institution in Sylvania, Georgia. *See* doc. 1. Because Sims did not submit a formal complaint, but merely included allegations of impropriety in a letter addressed "[t]o whom in the Richard B. Russell Federal Building that handle tax inasion [sic] and marking-up," doc. 1 at 1, the Court directed him to resubmit his pleading using the form provided for inmate civil-rights complaints. *See* doc. 6. He failed to submit the Amended Complaint timely. *See generally* docket. The Court's Order expressly warned Sims that "failure to comply

1

timely . . . will result in a recommendation that his case be dismissed for failure to prosecute it and failure to obey a court order." *Id.* at 4.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Sims' failure to comply with the Court's Order is sufficient reason to dismiss his case. *See, e.g., Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Accordingly, Sims' Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). If the District Judge adopts this recommendation, his request to proceed *in forma pauperis* should be **DISMISSED** as moot. Doc. 7. This Report and Recommendation (R&R) is submitted to the

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA